I concur in the majority's opinion insofar as it concludes that the appellants established a genuine issue of material fact as to whether the design of the Mellott log trough was defective because of the tendency of the chains to freeze.
However, I disagree with the majority's conclusion that the appellants failed to establish a genuine issue of material fact as to whether Mellott and Lyons breached their duty to warn of the danger. As the majority notes, Jeffrey Woods testified that he recognized the danger of the log trough through "common sense." However, Evans averred that he and his co-workers frequently performed maintenance on the log trough without knowing of the danger involved. Rennell offered his expert opinion that the danger was not open and obvious. Based upon this evidence, I believe that appellants established that a genuine issue of material fact exists for trial as to whether the risk Evans encountered was open and obvious.
Accordingly, I would reverse the trial court's entry of summary judgment with respect to both Mellott and Lyons. Thus, I dissent from the majority's opinion affirming the entry of summary judgment in favor of Lyons.